# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### EL DORADO DIVISION

MERDIS COOPER                                                                          PLAINTIFF

v.                                    Civil No. 1:18-cv-1053

ANDREW SAUL[1], Commissioner                                                DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Merdis Cooper ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 11, These references are to the page number of the transcript itself not the ECF page number.

1. **Background**:

On April 3, 2014, Plaintiff protectively filed her application. (Tr. 115, 183, 195). In her application, Plaintiff alleges she was disabled due to severe carpal tunnel, acid reflux, and arthritis with an alleged onset date of February 13, 2014. (Tr. 11, 115, 336). The claim was denied initially on August 17, 2015, and again upon reconsideration on October 10, 2015. (Tr. 115).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 115). An administrative hearing was held on September 22, 2015, in Jackson, Mississippi. (Tr. 49-81). At the administrative hearing, Plaintiff was present and was represented by counsel, Leonard Fischer. *Id*. Plaintiff and Vocational Expert ("VE") Brandy McGrew-Rose testified at this hearing. *Id*.

On February 26, 2016, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 112-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2019. (Tr. 117, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 13, 2014, the initial application date. (Tr. 117, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, tendonitis elbow, osteoarthritis of the knees, carpal tunnel syndrome, and obesity. (Tr. 117-19, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 119-20, Finding 4).

In this decision, the ALJ evaluated the Plaintiff's subjective complaints and determined her RFC. (Tr. 120-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely consistent with the evidence in the record. *Id*. Second, the ALJ determined Plaintiff retained the RFC for the following:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps and stairs; can never climb ropes, ladders or scaffolds; can occasionally, stoop, crouch, kneel, and crawl; can occasionally handle and finger bilaterally, can have no exposure to excessive vibration, and can never be exposed to workplace hazards such as moving mechanical parts and high, exposed places.

*Id*.

With the assistance of the Vocational Expert, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she was able to perform her PRW as a customer service representative, and a substitute teacher. (Tr. 122-23, Finding 6). The ALJ found Plaintiff was not disabled for the duration of the relevant time period, from February 13, 2014, through the date of this decision. (Tr. 123, Finding 7).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable disability determination, and they remanded the case. (Tr. 130-33). In their remand, the Appeals Council found that the case required remand to resolve the conflict between the ALJ's RFC finding which limited Plaintiff to light work with only occasional handling and fingering, and the jobs he found she was capable of performing which required more than occasional handling and fingering as listed in the Dictionary of Occupational Titles. (Tr. 132). They also found that it was unclear whether Plaintiff's past work as a substitute teacher met the requirements to be considered past relevant work. *Id*. The Appeals Council ordered the ALJ to give further consideration to Plaintiff's maximum RFC and provide appropriate rationale with specific references to evidence of record in support of assessed limitations, and to obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. (Tr. 133).

A second administrative hearing was held on October 31, 2017. (Tr. 29-48). At the administrative hearing, Plaintiff was present and was represented by non-attorney representative,

Laura Lesacar. *Id.* Plaintiff, Medical Expert Subramaniam Krishnamurthi, M.D., and Vocational Expert ("VE") Thomas C. Mungall testified at this hearing. *Id.* Notably, Dr. Krishnamurthi testified that he had reviewed Plaintiff's medical records and that she had an impairment that would meet or equal a listing, and that she would have non-exertional limitations including that she could frequently handle, finger, feel, and grasp bilaterally; occasionally climb stairs, bend, stoop, crawl, crouch, and kneel, but can never climb ladders, ropes or scaffolds. (Tr. 33-34).

On March 5, 2018, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 8-26). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2019. (Tr. 14, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 13, 2014, the initial application date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: carpal tunnel syndrome, osteoarthritis of both knees, and obesity. (Tr. 14, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14-15, Finding 4).

In this decision, the ALJ evaluated the Plaintiff's subjective complaints and determined her RFC. (Tr. 15-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely consistent with the evidence in the record. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). *Id.*

With the assistance of the Vocational Expert, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she was able to perform her PRW as a customer service clerk.

(Tr. 18, Finding 6). The ALJ found Plaintiff was not disabled for the duration of the relevant time period, from February 13, 2014, through the date of this decision. (Tr. 18, Finding 7).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr. 280). On July 2, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On August 27, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 29, 2018. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 15, 16. This case is now ready for decision.

## 2. **Applicable Law**:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox*

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. §423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating

physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id.*

"Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010) (*quoting Snead v. Barnhart*,360 F.3d 834, 838 (8th Cir. 2004)). We recognize that an ALJ does not "have to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Vossen*, 612 F.3d at 1016 (emphasis omitted) (quoting *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004)); *see also Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (duty to seek clarification from treating physician "arises only if a crucial issue is undeveloped"). But "an ALJ must not substitute his opinions for those of the physician." Finch v. Astrue, 547 F.3d 933, 938 (8th Cir. 2008) (*quoting Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990)); see also Pate-Fires v. Astrue, 564 F.3d 935, 946–47 (8th Cir. 2009) (noting that ALJs may not "play doctor").

In making his RFC determination, the ALJ gave substantial weight to only part of the opinions offered by Medical Expert Dr. Subramaniam Krishnamurthi and Plaintiff's treating physician, Dr. Danic DiPaola. (Tr. 17-18). Dr. Krishnamurthi and Dr. DiPaola both opined that Plaintiff would have manipulative limitations, Dr. Krishnamurthi opined Plaintiff would have postural limitations, and Dr. DiPaola opined that Plaintiff would have environmental limitations. *Id*. The ALJ discounted these portions of their opinions based upon normal findings at a new patient evaluation in October of 2017, improved EMG findings after surgery, and a lack of treatment for carpal tunnel after 2014. *Id*. The ALJ also did not mention Dr. Krishnamurthi's opinion, given via testimony at the second administrative hearing, that Plaintiff's impairments met or equaled a listing. (Tr. 33).

While the ALJ is correct in finding that Plaintiff had some normal results at her neurological examination with Dr. Brad Thomas on October 12, 2017, the record as a whole does not support a complete dismissal of the medical opinion evidence regarding postural, manipulative, and environmental limitations.

On December 22, 2014, Plaintiff complained of continued pain in both hands, rating the pain as a 9 on a ten-point scale. (Tr. 597). Dr. DiPaola noted that updated EMG and nerve conduction testing revealed that her median nerve function in her carpal tunnels were improved, compared to her preoperative condition, but were still abnormal. (Tr. 597). Physical examination revealed decreased grip and pinch strengths bilaterally and some volar swelling bilaterally. *Id*. Plaintiff also reported that her hands felt numb, although sensation to light touch and moisture in the fingers were within normal limits. *Id*. Dr. DiPaola diagnosed healed bilateral carpal tunnel surgical decompressions with residual median neuropathy due to the severe nerve damage prior to surgery. *Id*. While this is the last medical record showing treatment by Dr. DiPaola for carpal

tunnel syndrome, it documents residual limitations, which supports the limitations assessed by Dr. DiPaola and was not adequately addressed by the ALJ.

Plaintiff was treated for pain in her knees, shoulder, and back and received corticosteroid injections and pain management treatment from 2015 through 2017, and multiple medical records noted both an ataxic gait and positive straight leg raise. (Tr. 667, 693-94, 756-57, 765, 703, 721, 737, 841-42).

An MRI of the lumbar spine from September 11, 2017, revealed moderate, approaching high-grade spinal canal stenosis at L4-5 primarily related to facet arthropathy along with a broad disc bulge and mild-moderate central canal narrowing at L3-4 secondary to facet arthropathy and ligament hypertrophy. (Tr. 766).

On September 20, 2017, Plaintiff underwent a right knee arthroscopy, patellofemoral joint, chondroplasty, and major synovectomy. (Tr. 848). During follow up on September 29, 2017, diffuse mild swelling was noted on examination; Plaintiff's right knee arthroscopy was described as doing well. (Tr. 889).

The Court finds the ALJ's RFC determination is not supported by substantial evidence and requires remand to further develop the record and further consider Plaintiff's maximum RFC. On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and

appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**4. <u>Conclusion</u>**:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**ENTERED** this 6th day of September 2019.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE